UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GIOVANNI F. BARATTA | ) | |
| | ) | Case No.: 1:19-cv-07635 |
| Plaintiff, | ) | |
| | ) | Judge: |
| -v- | ) | |
| | ) | |
| NATIONWIDE CREDIT AND | ) | COMPLAINT |
| COLLECTION INC. | ) | JURY DEMAND ENDORSED HEREON |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Giovanni F. Baratta ("Plaintiff"), for his Complaint against Nationwide Credit and Collection Inc. ("Defendant"), states as follows:

NATURE OF THE ACTION

1.     This is an action for actual, statutory and punitive damages brought by Plaintiff against Defendant for its negligent, willful and/or knowing violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), in connection with its unlawful accessing of Plaintiff's consumer report information subsequent to the discharge order entered in his Chapter 7 bankruptcy case.

JURISDICTION AND VENUE

2.     This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a), 15 U.S.C. § 1681p and 15 U.S.C. § 1692k.  Venue in this District is proper because Defendant transacts business in this District, Plaintiff's underlying bankruptcy case was filed in this District and the conduct complained of in this Complaint occurred in this District.

PARTIES

3.     Plaintiff, Giovanni F. Baratta ("Mr. Baratta"), is a natural adult individual residing in Oak Park, Illinois, and is a "consumer" as that term is defined in the FCRA and FDCPA.

4.     Defendant, Nationwide Credit and Collection Inc., is an Illinois corporation in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States.  As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

5.     Defendant is a "debt collector" as defined by § 1692(a)(6) of the FDCPA.

6.     Defendant is a "user" of consumer credit and other financial information as that term is defined, used and/or contemplated under the FCRA.

7.     Defendant acted through its employees, agents, representatives, officers, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

8.     On May 31, 2018, Mr. Baratta filed for Chapter 7 bankruptcy relief in the United States Bankruptcy Court for the Northern District of Illinois.  The case was listed on the docket as case number 18-15633 ("the Bankruptcy Case").  A copy of the docket for the Bankruptcy Case is attached to this Complaint as Exhibit A.

9.     On or around June 3, 2018, Defendant received notice of the Bankruptcy Case.

10.     On September 12, 2018, the bankruptcy court entered an order granting Mr. Baratta a discharge in the Bankruptcy Case ("the Discharge Order").  A copy of the Discharge Order is attached to this Complaint as Exhibit B.

11. The Discharge Order terminated any rights that Defendant had against Mr. Baratta with respect to the consumer debt(s) it was attempted to collect from him as of May 31, 2018, the date the Bankruptcy Case was filed.

12. The Discharge Order was sent out to all creditors and other parties listed on the mailing matrix previously filed with the bankruptcy court. Included in the notice was an explanation of the general injunction prohibiting holders of pre-petition claims from attempting to collect on those claims from Mr. Baratta. *See* Exhibit B at page 1 of 3.

13. On or around September 14, 2018, Defendant received notice of the Discharge Order.

14. At no time has Defendant objected to or disputed the details of the claims included in the schedules filed in the Bankruptcy Case.

15. At no time has Mr. Baratta reaffirmed any debt with Defendant.

16. At no time has any pre-petition claim belonging to Defendant been declared to be non-dischargeable in bankruptcy.

17. At all relevant times, Defendant had actual or constructive notice that Mr. Baratta was the debtor in a Chapter 7 bankruptcy, that he was granted a discharge in the Bankruptcy Case and that he was subsequently protected from any direct or indirect collection acts whatsoever by virtue of the injunction provided under applicable bankruptcy law, specifically 11 U.S.C. § 524.

18. On September 25, 2018, despite being on notice of the Discharge Order, Defendant requested and obtained Mr. Baratta's consumer report from Trans Union, LLC ("Trans Union"). Relevant pages from Mr. Baratta's Trans Union credit report, dated October 22, 2019, are attached collectively to this Complaint as Exhibit C.

3

19.     In addition to its September 25, 2018 accessing of Mr. Baratta's Trans Union consumer report, Defendant also obtained Mr. Baratta's consumer report from Trans Union on May 31, 2018, the date the Bankruptcy Case was filed.  *See* Exhibit C.

20.     Defendant obtained Mr. Baratta's consumer report from Trans Union on September 25, 2018 after representing to Trans Union that it was authorized to do so for "account review" purposes.  *See* Exhibit C.

21.     At the time of such "account review" inquiry by Defendant on September 25, 2018, Mr. Baratta's credit report reflected that he had no open accounts with Defendant.

22.     At the time of such "account review" inquiry by Defendant on September 25, 2018, Defendant knew or should have known that the consumer debt(s) it was attempting to collect from Plaintiff at that time had been discharged in the Bankruptcy Case.

23.     After a reasonable time to conduct discovery, Mr. Baratta believes he can prove that all actions taken by Defendant as described in this Complaint were taken willfully, with reckless disregard for Mr. Baratta's rights and/or with knowledge that its actions were taken in violation of the law.

DAMAGES

24.     The conduct of Defendant has been the producing and proximate cause of past, present and future mental distress and emotional anguish stemming from the ongoing invasion of Plaintiff's privacy and other damages that will be presented to the jury.

25.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will:

   a)   continue to unlawfully access his personal, private and financial information;
   b)   attempt to collect payment from him on discharged debt(s); and
   c)   cause unwarranted harm to his credit and/or other financial harm.

4

26.     As a result of Defendant's conduct, Plaintiff has come to question the validity of the Bankruptcy Case and the protections it has afforded him.

27.     As a result of Defendant's conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

28.     As a result of Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint.

<u>GROUNDS FOR RELIEF</u>

<u>COUNT I</u>
<u>VIOLATIONS OF THE FAIR CREDIT REPORTING ACT</u>
<u>*15 U.S.C. § 1681b*</u>

29.     All prior paragraphs are incorporated into this count by reference.

30.     Defendant is a "user" of consumer credit and other financial information, as that term is defined, used and/or contemplated in the FCRA.

31.     The "account review" information regarding Plaintiff that was obtained by Defendant constitutes a "consumer report" as that term is defined in the FCRA.

32.     The FCRA restricts a prospective user from obtaining a consumer report unless authorized by the subject consumer or unless the user has a "permissible purpose" as that term is defined, used and/or contemplated under the FCRA.

33.     On no less than one occasion subsequent to September 12, 2018, the date of the Discharge Order, Defendant obtained Plaintiff's consumer report from Trans Union.

34.     On each such occasion that Defendant obtained Plaintiff's consumer report from Trans Union subsequent to September 12, 2018, the date of the Discharge Order, Defendant represented to Trans Union that such access was authorized for an "account review" purpose.

35.     At all relevant times, Defendant was on notice that the debt(s) it was attempted to collect from Plaintiff as of May 31, 2018, the date the Bankruptcy Case was filed, was (were) included and discharged in the Bankruptcy Case, and that it was legally prohibited from pursuing any further collection against – or even communicating with – Plaintiff concerning such debt(s).

36.     As such, on each occasion that Defendant obtained Plaintiff's consumer report from Trans Union subsequent to September 12, 2018, the date of the Discharge Order, Defendant had actual knowledge that it did not have a permissible purpose under the FCRA to obtain such information.

37.     In requesting and obtaining Plaintiff's personal and private consumer report information with actual knowledge that it did not have a permissible purpose to do so, Defendant willfully violated the FCRA for each such inquiry it made.

38.     After a reasonable time to conduct discovery, Plaintiff believes he can prove that Defendant has received hundreds of disputes from consumers like Plaintiff, complaining of the same conduct as alleged in this Complaint, *i.e.*, Defendant's practice of obtaining consumer reports on individuals who have received a discharge in bankruptcy.

39.     After a reasonable time to conduct discovery, Plaintiff believes he can prove that, despite its receipt of disputes from consumers such as Plaintiff, Defendant intentionally, knowingly and/or recklessly chooses not to correct its policies and procedures with respect to obtaining consumer reports after bankruptcy discharges.

40.     As a direct and proximate result of Defendant's violations of the FCRA, Plaintiff has suffered and will continue to suffer considerable harm and injury, as described further in paragraphs 24 through 28, *supra*, entitling Plaintiff to an award of actual damages in an amount to be proved at trial, plus attorneys' fees and the costs of this action, pursuant to 15 U.S.C. § 1681o.

41.     Defendant's conduct reveals a conscious and reckless disregard of Plaintiff's rights, entitling Plaintiff to statutory damages in an amount of up to $1,000.00 per violation, pursuant to 15 U.S.C. § 1681n(a)(2).

42.     The harm suffered by Plaintiff is attended by circumstances of willful misconduct, entitling Plaintiff to punitive damages pursuant to 15 U.S.C. § 1681n(a)(2).

<u>COUNT II</u>
<u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>
<u>*15 U.S.C. §§ 1692d, e, and f*</u>

43.     All prior paragraphs are incorporated into this count by reference.

44.     The FDCPA states, in relevant part:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of – (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

45.     Defendant violated 15 U.S.C. §§ 1692d, e, e(2)(A), e(10) and f through its post-bankruptcy debt collection activities as outlined in this Complaint, *supra*. By virtue of the automatic stay and discharge injunctions provided under applicable bankruptcy law, specifically 11 U.S.C. § 524, Plaintiff was subsequently protected from any direct or indirect collection acts whatsoever at the hands of Defendant. Such prohibited collection activity necessarily includes

obtaining Plaintiff's credit report information from a consumer reporting agency such as Trans Union.

46.     As an experienced debt collection agency, Defendant knows that it has an affirmative duty to ensure the debt(s) it is seeking to collect is (are) not subject to bankruptcy.

47.     Defendant knew or should have known that the debt(s) it was attempted to collect from Plaintiff as of May 31, 2018, the date the Bankruptcy Case was filed, was (were) included and discharged in the Bankruptcy Case, and that it was legally prohibited from pursuing any further collection against – or even communicating with – Plaintiff concerning such debt(s).

48.     As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff has suffered and will continue to suffer considerable harm and injury, as described in paragraphs 24 through 28, *supra*, entitling Plaintiff to an award of actual damages in an amount to be proved at trial, statutory damages of up to $1,000.00, plus attorneys' fees and the costs of this action, pursuant to 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Giovanni F. Baratta, requests that this Court enter judgment in his favor as follows:

A.   Awarding Plaintiff actual damages in amounts to be determined at trial, pursuant to 15 U.S.C. § 1681o and 15 U.S.C. § 1692k(a)(1);

B.   Awarding Plaintiff statutory damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1681n;

C.   Awarding Plaintiff statutory damages in the amount of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D.   Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n;

E.   Awarding Plaintiff the costs of this action and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1681o and 15 U.S.C. § 1692k(a)(3); and

     F.   Awarding any other legal or equitable relief to which Plaintiff may be entitled.

Dated:  November 19ᵗʰ, 2019          Respectfully Submitted,

                            */s/ Geoff B. McCarrell*_____
                            Geoff B. McCarrell #0086427
                            David S. Klain #0066305
                            CONSUMER LAW PARTNERS, LLC
                            333 N. Michigan Ave., Suite 1300
                            Chicago, Illinois 60601
                            (267) 422-1000 (phone)
                            (267) 422-2000 (fax)
                            geoff.m@consumerlawpartners.com

                            *Attorneys for Plaintiff*

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                            */s/ Geoff B. McCarrell*_____
                            Geoff B. McCarrell #0086427
                            CONSUMER LAW PARTNERS, LLC